IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LUKE HENDRICKSON**,                                              Civil Case No. 09-557-KI

                 Plaintiff,

                                           OPINION AND ORDER

   vs.

**MICHAEL J. ASTRUE,**
COMMISSIONER of Social Security

                 Defendant.


       Tim Wilborn
       Wilborn Law Office, P.C.
       P. O. Box 2768
       Oregon City, Oregon  97045

             Attorney for Plaintiff

       Kent S. Robinson
       Acting United States Attorney
       District of Oregon

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

David R. Johnson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

     Attorneys for Defendant

KING, Judge:

Plaintiff Luke Hendrickson brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for supplemental security income benefits ("SSI").

I reverse the decision of the Commissioner and remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

Page 2 - OPINION AND ORDER

§§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the

Page 3 - OPINION AND ORDER

impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

After reviewing the record, the ALJ found that Hendrickson had a severe impairment of mild mental retardation. The ALJ also found that this impairment, either singly or in combination with other impairments, was not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1,

Page 4 - OPINION AND ORDER

including Listing 12.05 for mental retardation.  The ALJ concluded that Hendrickson had the residual functional capacity to perform a full range of work at all exertional levels but was limited to simple, routine, repetitive work; entry level work; and using very basic math skills. Based on the testimony of a vocational expert, the ALJ found that Hendrickson could work as a janitor, dishwasher, or laundry worker and was thus not disabled under the Act.

## FACTS

Hendrickson, who was 22 years old at the time of the ALJ's decision, alleges that he has been disabled since his birth on December 16, 1985, due to mental retardation, visual deficits, obesity, and flat feet.  Hendrickson received special education services and earned a modified diploma from high school, in the form of a certification of completion.  He has no past relevant work experience and lives with his father.  To pass the time, Hendrickson watches television, rides his bike, goes to the comic book store, plays video games, listens to music, and sees friends occasionally.  He also helps out with light chores at home.

Hendrickson was born with congenital cataracts, which doctors surgically removed to implant artificial lenses.  He wears prescription glasses to read.  Hendrickson complains that his peripheral vision is too poor to attempt to drive.

In June 2004, psychologist Dr. Daryl Birney tested Hendrickson and found he had a verbal IQ of 72, a performance IQ of 69, and a full scale score of 68.  Dr. Birney noted that Hendrickson had 20/35 vision in both eyes and used reading glasses, but observed that Hendrickson got close to the paper for visual work.  Dr. Birney concluded that Hendrickson's reading grade placement was 3.5, spelling was 2.5, and arithmetic was 3.0.

Hendrickson is five feet nine inches tall and weighs between 240 and 260 pounds. Hendrickson states that he can walk about four to six blocks before he has to stop and rest three to five minutes. If his heel hurts at that point, he can walk no farther. A cortisone injection, given in October 2004 after Hendrickson complained of heel pain for over a year, helped only for a month. When examined for heel pain by nurse practitioner Stephanie Potts in March 2005, Hendrickson had an obvious limp on the left side when he got off the exam table to walk. In October 2005, Dr. Vander Waal, an internist, examined Hendrickson and noted that he has suffered pain in his left heel since birth due to fallen arches. Dr. Vander Waal suggested that Hendrickson might benefit from arch supports prescribed by a podiatrist. In June 2006, physician's assistant Stephen Leonardo gave Hendrickson a third cortisone injection in his heel and warned that any more pain complaints would result in referral to a podiatrist.

## DISCUSSION

I.   Credibility of Hendrickson's Subjective Symptom Testimony

Hendrickson argues that the ALJ improperly discredited his subjective symptom testimony. The Commissioner claims that the ALJ's reasons for discrediting Hendrickson were that his physical conditions were not severe if properly treated, did not cause work-related limitations inconsistent with the ALJ's residual functional capacity finding, and did not cause the limitations Hendrickson claimed.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). The

claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom.  In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms.  Id.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  Holahan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient to support an adverse credibility determination and the ALJ must rely on substantial evidence.  Id.  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ stated:

However, poor eyesight and fallen arches do not cause any relevant or important work-related limitations.  As previously noted, there is no evidence of medically determinable severe physical impairments.  Overall, his statements concerning the intensity, persistence and limiting effects of his alleged symptoms are not credible to the extent they are inconsistent with the residual functional capacity for the reasons explained below.

Tr. 16.

The ALJ went on to summarize Dr. Birney and Dr. LeBray's opinions but completely failed to explain what evidence undermines Hendrickson's testimony about the limitations he suffers related to his eyesight or foot pain.  I can glean no reason at all in the ALJ's opinion for discrediting Hendrickson.  The Commissioner's first argument is unpersuasive–the ALJ did not discuss Hendrickson's refusal to receive proper treatment.  Moreover, the Commissioner's other

Page 7 - OPINION AND ORDER

arguments–that the conditions did not cause work-related limitations inconsistent with the residual functional capacity finding and did not cause the claimed limitations–are circular.

Thus, I conclude that the ALJ failed to give clear and convincing reasons to discredit Hendrickson's subjective symptom testimony.

II.    <u>Listing 12.05C for Mental Retardation</u>

Hendrickson argues that the ALJ applied incorrect legal standards when analyzing Listing 12.05C. Hendrickson claims the evidence establishes that his impairments meet Listing 12.05C or, at a minimum, equal Listing 12.05C.

The listing states, in relevant part:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.05C.

Hendrickson bears the burden of proving that he has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations. <u>Burch v. Barnhart</u>, 400 F.3d 676, 683 (9th Cir. 2005). The listings set out in the regulations are "descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 529-30 (1990).

For a claimant to show that his impairment matches one of those listed, the impairment must meet all of the specified medical criteria.  Id. at 530.  If a claimant's impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination of whether he can actually perform prior work or other work.  Id. at 532.

> For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c).  If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work.

20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.05A.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c).  Basic work activities include "physical functions such as walking" and "capacities for seeing."  20 C.F.R. § 416.921(b)(1)(2).

The parties agree that Hendrickson's measured IQ meets Listing 12.05.  Thus, the issue is whether Hendrickson has a severe impairment in addition to his mental retardation.  The ALJ concluded that Hendrickson has no severe impairments.  Hendrickson contends that he has severe impairments of obesity and foot problems which significantly limit his ability to walk and a severe impairment of visual deficits which require reading glasses and significantly limit his peripheral vision and visual acuity.  I will only address the visual problem because it is dispositive.

The Commissioner argues that Hendrickson's visual problems did not cause significant work-related limitations because they were correctable. This post-hoc argument is not supported by substantial evidence.

Although the "crediting as true" doctrine is not mandatory in the Ninth Circuit, <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003), I will credit Hendrickson's testimony here. Hendrickson claims that he needs prescription reading glasses and that his peripheral vision is so limited that he cannot attempt to learn to drive. There is no evidence which contradicts these statements. I also note that Dr. Birney observed Hendrickson get close to the paper for visual work. This indicates that reading glasses do not provide normal reading vision for Hendrickson.

Determining whether a claimant has a severe impairment is step two of the normal disability evaluation process. The threshold at step two is a low one. It is a "de minimis screening device [used] to dispose of groundless claims" <u>Webb v. Barnhart</u>, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation omitted).

The evidence before me demonstrates that Hendrickson's vision problems would significantly limit his ability to perform the basic work activity of seeing. Hendrickson was born with congenital cataracts and now has artificial lens implants. He has limited peripheral vision and must get close to the paper to see it. Either limitation alone is significant and the combination is more so. Consequently, I find that Hendrickson has a severe impairment related to his vision. This fulfills the requirement of Listing 12.05C that the claimant have an additional and significant work-related limitation of function. I conclude that Hendrickson meets Listing 12.05 C and is presumptively disabled.

Page 10 - OPINION AND ORDER

## CONCLUSION

The decision of the Commissioner is reversed.  The case is remanded for a finding of disability.

IT IS SO ORDERED.

Dated this _____25th_____ day of January, 2010.


   ___ /s/ Garr M. King_____
Garr M. King
United States District Judge